UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STEVEN MORRIS, JR., JOHNNY MORRIS, individually and o/b/o his minor son, ZACHARY MORRIS and ASHLEY GRIFFIN o/b/o her minor son, ZACHARY MORRIS | CIVIL ACTION |
| VERSUS | NO. 12-0028 |
| SWDI, LLC | SECTION: "G"(5) |

## ORDER AND REASONS

Before the Court is Defendant SWDI, LLC's ("Defendant" or "SWDI") Motion to Dismiss for Lack of Jurisdiction.[1] Having considered the motion, the response, the reply, the record, and the applicable law, for the following reasons, the Court denies Defendant's Motion to Dismiss.

## I. Background

This case arises out of a car accident that occurred on December 13, 2010, when Plaintiffs Steven Morris, Jr. and Zachary Morris were riding in a car owned and operated by Plaintiff Johnny Morris in Galliano, Louisiana and were allegedly struck from behind by a garbage truck owned and operated by Defendant. The driver of the truck, Elise Ingram ("Ingram"), was an employee of Defendant, who Plaintiffs allege acted negligently while in the scope of her employment for Defendant at the time of the accident. At the time of the accident, Defendant and its employees were covered by an omnibus insurance policy issued by Arch Insurance Company ("Arch").

Plaintiffs alleged damages as a result of the accident and filed their first complaint in the

---

[1] Rec. Doc. 5.

1

Eastern District of Louisiana against SWDI and Arch on May 3, 2011 in Civil Action No. 11-01033.[2] However, the presiding judge, Judge Lance M. Africk, determined that complete diversity was lacking because Defendant Arch was a citizen of Louisiana, like Plaintiffs, given that under Louisiana law, insurance companies take on the citizenship of the insured for purposes of diversity jurisdiction, and Ingram, the insured, was a Louisiana citizen.[3] Accordingly, Judge Africk dismissed the complaint without prejudice on July 21, 2011.[4] Plaintiffs then filed a Motion for Reconsideration averring that it would dismiss Arch, the non-diverse party.[5] The defendants to that action filed a Memorandum in Opposition, arguing that "[t]he voluntary dismissal of Arch, the non-diverse party, may not be used to create jurisdiction retroactively where it did not previously exist."[6]

Plaintiffs then filed suit in the Seventeenth Judicial District Court for the Parish of Lafourche against SWDI, Arch, and Ingram, alleging causes of action derived from the same automobile accident.[7] Additionally, Plaintiffs then filed a second federal action concerning the same events,

---

[2] *Morris v. Arch Insur. Co.*, No. 11-01033, Rec. Doc. 1.

[3] *Morris v. Arch Insur. Co.*, No. 11-01033, Rec. Doc. 14 (citing *Green v. Wolters Kluwer U.S. Corp.*, No. 08-1065, 2008 WL 2355848, at *1 (E.D. La. Jun. 6, 2008) (Berrigan, J.) and *Williams v. Liberty Mut. Ins. Co.*, 468 F.2d 1207 (5th Cir. 1972) for the proposition that the insurance company takes on the citizenship of the insured for purposes of diversity jurisdiction). Furthermore, 28 U.S.C. § 1332(c) provides, "in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business."

[4] *Morris v. Arch Insur. Co.*, No. 11-01033, Rec. Docs. No. 14-15.

[5] *Morris v. Arch Insur. Co.*, No. 11-01033, Rec. Doc. 16.

[6] *Morris v. Arch Insur. Co.*, No. 11-01033, Rec. Doc. 18.

[7] Other plaintiffs were added by the amended complaint of August 3, 2011. In the state court action, defendants have answered the petitions and propounded interrogatories and requests for production of documents. Plaintiffs-therein have responded to discovery and propounded discovery of their own. That matter is ongoing at this time.

Civil Action No. 11-2345, which named only SWDI as a defendant.[8] On October 6, 2011, Judge Africk denied the Motion for Reconsideration in the original federal action, in part because of the filing of the second federal suit, which Judge Africk had determined rendered moot the request for permission to voluntarily dismiss Arch.[9]

On October 17, 2011, in the second federal action, Defendant SWDI filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction.[10] Plaintiffs filed their opposition on November 15, 2011,[11] and on that same date, Plaintiffs filed a request for oral argument on the motion.[12] By that time, the second federal action had been reassigned to this section, Section "G" of the Eastern District of Louisiana.[13] This Court heard oral argument on the Motion to Dismiss for Lack of Subject Matter Jurisdiction on November 23, 2011 and took the matter under advisement.[14]

In deciding the motion to dismiss in the second federal action, this Court noted *sua sponte* that Plaintiffs had not properly alleged diversity jurisdiction on the face of their complaint because they had not alleged the citizenship of the members of Defendant, a limited liability company.[15] Therefore, this Court dismissed the case for lack of jurisdiction on that basis and did not reach the

---

[8] *See Morris v. SWDI, LLC*, No. 11-2345, Rec. Doc. 1.

[9] *Morris v. Arch Insur. Co.*, No. 11-01033, Rec. Doc. 19 ("Moreover, the fact that plaintiff filed a new suit naming only SWDI as a defendant renders moot his request for permission to voluntarily dismiss Arch.")

[10] *Morris v. SWDI, LLC*, No. 11-2345, Rec. Doc. 5.

[11] *Morris v. SWDI, LLC*, No. 11-2345, Rec. Doc. 10.

[12] *Morris v. SWDI, LLC*, No. 11-2345, Rec. Doc. 11.

[13] *Morris v. SWDI, LLC*, No. 11-2345, Rec. Doc. 9.

[14] *Morris v. SWDI, LLC*, No. 11-2345, Rec. Doc. 17.

[15] *Morris v. SWDI, LLC*, No. 11-2345, Rec. Doc. 18.

arguments advanced by Defendant in its Motion to Dismiss for Lack of Subject Matter Jurisdiction.[16] The dismissal was without prejudice.[17]

Subsequently, on January 5, 2012, Plaintiffs filed a new complaint against SWDI in the instant civil action.[18] In their complaint, Plaintiffs cured the previous jurisdictional defect that plagued their second federal action, this time properly alleging the membership of Defendant SWDI, a limited liability company whose sole member is a Delaware corporation with its principal place of business in Texas, and thus demonstrating the existence of complete diversity.[19] Although the instant case was initially assigned to Judge Kurt D. Engelhardt, Section "N" of this Court, it was transferred to this Section as related to the second federal action.[20] On February 6, 2012, Defendant filed the pending Motion to Dismiss for Lack of Subject Matter Jurisdiction now before this Court,[21] in which Defendant raises the arguments previously asserted, but not ruled upon, in the motion to dismiss that Defendant filed in the second federal action.

By the instant motion, Defendant alleges that this Court lacks jurisdiction to hear the present action. Defendant raises two arguments as to why this Court lacks jurisdiction. First, Defendant argues that "the law of the case doctrine" prohibits this Court from finding diversity jurisdiction

---

[16] *Id.*

[17] *Id.*

[18] Rec. Doc. 1.

[19] *Id.* at p. 2.

[20] Rec. Doc. 4. Local Rule 3.1.1 of the Eastern District of Louisiana provides for the transfer of related cases to the section of the court presiding over the case with the lowest docket number. Local Rule 3.1 defines a related case as one that "involves subject matter that comprises all or a material part of the subject matter or operative facts of another action, whether civil or criminal, then or previously pending in any court or administrative agency. . . ."

[21] Rec. Doc. 5.

4

because Judge Africk ruled that there was no diversity in the first federal court case. Incorporated within this argument is Defendant's claim that Plaintiffs have improperly manufactured diversity by omitting certain potential defendants from this suit. Second, Defendant argues that this Court should abstain from hearing this case under *Colorado River Water Conservation District v. United States*,[22] due to the parallel state court proceeding. Plaintiffs filed their response in opposition on March 5, 2012,[23] and following leave of Court, Defendant filed its reply on March 14, 2012.[24]

## II. Law and Analysis

Federal courts are courts of limited jurisdiction, and therefore some basis must exist for a lawsuit to be brought in federal court.[25] Absent jurisdiction conferred by statute, federal courts lack the power to adjudicate claims.[26] An attack under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the existence of subject matter jurisdiction[27] and should be granted only where it appears certain that the plaintiff can prove no set of facts that would entitle him to relief.[28] However, the burden of proof remains on the party asserting jurisdiction.[29]

---

[22] 424 U.S. 800 (1976).

[23] Rec. Doc. 8.

[24] Rec. Doc. 13.

[25] *See, e.g., Stockman v. Fed. Election Comm'n.*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. U.S. Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)).

[26] *Id.* (citing *Veldhoen*, 35 F.3d at 225).

[27] *McLain v. Real Estate Bd. of New Orleans, Inc.*, 583 F.2d 1315, 1318 n.1 (5th Cir. 1978).

[28] *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006 (5th Cir. 1998).

[29] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

In ruling on a motion to dismiss for lack of subject matter jurisdiction, "a district court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case."[30] In ruling, the court may rely upon any of the following: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.[31]

## A. Diversity Jurisdiction

Under 28 U.S.C. § 1332(a)(1), federal district courts have original jurisdiction over all civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. "It has long been the general rule that complete diversity of parties is required in order that diversity jurisdiction obtain; that is, no party on one side may be a citizen of the same State as any party on the other side."[32] Diverse citizenship must be present at the time the complaint is filed, and it is not affected by "subsequent changes in the citizenship of the parties."[33]

In this action, there is no allegation that the parties are not completely diverse. Plaintiffs are citizens of Louisiana, and Defendant, a limited liability company, is a citizen of Delaware and Texas. Instead of alleging that complete diversity is lacking, Defendant argues that Plaintiffs improperly

---

[30] *MDPhysicians & Assocs. v. State Bd. of Ins.*, 957 F.2d 178, 181 (5th Cir. 1992) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

[31] *Id.* at 181 n.2 (citing *Williamson*, 645 F.2d at 413).

[32] *Mas v. Perry*, 489 F.2d 1396, 1398 (5th Cir. 1974).

[33] *Id.* at 1398-99.

6

manufactured diversity by voluntarily dismissing Arch, a non-diverse party.[34] However, the facts show that Arch was not voluntarily dismissed from this suit (or, indeed, from any of the other suits related to this action). Instead, Plaintiffs elected not to join Arch as a party to this suit after Plaintiffs' first suit was dismissed without prejudice. Although Arch was a defendant in the first federal suit, from the moment Plaintiffs filed the instant suit, complete diversity has been present.

Ignoring for a moment this important flaw in Defendant's argument, concerning the difference between dismissal of a defendant and the failure to join a defendant, the Court will consider Defendant's argument that diversity was improperly manufactured here. Defendant cites an Eastern District of Louisiana case, *Illg v. Jacat Corporation*,[35] for the proposition that "[i]n a direct action case, [], the dismissal of the non-diverse defendant merely creates the kind of diversity which 1332(c) prohibits in the first place."[36] Section 1332(c) provides that:

> in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business.[37]

The *Illg* case, however is inapposite. In *Illg*, the insured and the insurance company were both originally sued, such that the insurance company did not take on the citizenship of the insured

---

[34] *See* Rec. Doc. 5-1 at p. 3 ("The voluntary dismissal of Arch, the non-diverse party, may not be used to create jurisdiction retroactively where it did not previously exist."). *See also id.* at p. 5 ("Clearly, the plaintiffs are making a blatant attempt at forum shopping and are desperately attempting to create diversity jurisdiction where diversity does not exist.").

[35] No. 89-3519, 1989 WL 113979, at *1 (E.D. La. Sept. 25, 1989) (Sear, J.).

[36] Rec. Doc. 5-1 at p. 15 (citing *Illg*, 1989 WL 113979, at *1).

[37] 28 U.S.C. § 1332(c).

7

under 28 U.S.C. § 1332(c).[38] Once the non-diverse insured was voluntarily dismissed, the question was whether the insurance company would then take on the citizenship of the insured under 28 U.S.C. § 1332(c)[39]; the answer in that case was yes.[40] However, it was in that *particular* context, in determining whether the insurance company would still take on the citizenship of the insured, that the court found it contrary to the rationale of Section 1332(c) to allow the dismissal of a non-diverse defendant to create diversity, as the insurance company would have been non-diverse had the insured originally been absent from the suit.

The instant case is not a direct action against an insurance company. Indeed, the insurance company is not a party here. Thus, even if Arch had been voluntarily dismissed rather than not joined, the case cited by Defendant would have no relevance and the instant facts would not "create[] the kind of diversity which 1332(c) prohibits in the first place."[41] SWDI, the only defendant here, is not an insurance company, and its citizenship is not affected under Section 1332(c) by the presence or absence of Arch. As explained above, *Illg* does not stand for a wider proposition that the dismissal of *any* non-diverse party contravenes Section 1332(c), as Defendant seeks to imply.

Therefore, Defendant has not demonstrated that diversity would have been improperly manufactured even had Arch been voluntarily dismissed from this suit, which it was not. Furthermore, to the extent that Defendant attempts to argue that Plaintiffs' failure to join Arch in this suit amounts to the improper manufacture of jurisdiction, Defendant provides no legal authority for

---

[38] *Illg*, 1989 WL 113979, at *1.

[39] *Id.*

[40] *Id.*

[41] Rec. Doc. 5-1 at p. 15 (citing *Illg*, 1989 WL 113979, at *1).

this position. As even the case cited by Defendant notes:

> The general rule is that diversity jurisdiction is determined at the time of commencement of the action, that is, at the time the complaint is filed. The only exception to this rule occurs when a plaintiff voluntarily dismisses a non-diverse defendant. The rationale for this exception is that the plaintiff has created diversity by his voluntary act . . . .[42]

Therefore, this Court need look only to whether diversity jurisdiction was present at the time the instant complaint was filed. It was.

### B. *The Law of the Case*

The doctrine of the law of the case generally precludes a court from reexamining an issue previously decided by the same court in the same case such that the issue becomes *stare decisis* for subsequent proceedings.[43] Defendant argues that this Court must find complete diversity lacking here because Judge Africk found complete diversity lacking in the first federal suit and "a court should not reopen issues decided in earlier stages of the same litigation."[44] However, this is *not* the same case – it is only a related case. Furthermore, this is *not* the same issue that was previously litigated – although the *general* issue of diversity jurisdiction was considered in the previous actions, it was considered under different circumstances – in the previous action upon which Defendant seeks to rely, a defendant other than SWDI was also joined. Therefore, the law of the case doctrine is inapplicable here.

Furthermore and importantly, Judge Africk dismissed the previous action without prejudice.

---

[42] *Id.* at *2 (citations omitted).

[43] *See, e.g., Agostini v. Felton*, 521 U.S. 203 (1997); *Morrow v. Dillard*, 580 F.2d 1284, 1289 (5th Cir. 1978).

[44] Rec. Doc. 5-1 at p. 16.

9

According to the United States Supreme Court, "The primary meaning of 'dismissal without prejudice,' we think, is dismissal without barring the plaintiff from returning later, to the same court, with the same underlying claim."[45] Dismissal without prejudice is the proper remedy where resolution is based "solely on lack of subject matter jurisdiction."[46] "A dismissal on jurisdictional grounds alone is not on the merits and permits the plaintiff to pursue his claim in *the same* or in another forum."[47] If Plaintiffs were to be bound by the law of the case to Judge Africk's ruling that subject matter jurisdiction was lacking in the first federal suit, they would be prohibited from filing suit in the same forum, even having dismissed defendants or having cured a failure to properly allege diversity jurisdiction (as Plaintiffs did in the instant suit, curing the defect of the second federal action by properly alleging the citizenship of Defendant).

Accordingly, this Court is under no obligation to find that diversity jurisdiction is lacking in the instant case merely because it was lacking at a previous time and under different circumstances in a separate case that was dismissed without prejudice.

## C. Colorado River *Abstention*

In some circumstances, a federal court may decline to exercise jurisdiction by abstaining from hearing a case; in *Colorado River*, the Supreme Court upheld a district court's choice to stay its proceedings because of the existence of parallel state court proceedings.[48] However, the Court noted

---

[45] *Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001).

[46] *Pillar Pan., S.A. v. Delape*, 326 F. App'x. 740, 744 (5th Cir. 2009) (quoting *Hitt v. Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)).

[47] *Hitt*, 561 F.2d at 608 (emphasis added).

[48] *See generally* 424 U.S. 800.

that "[g]enerally . . . the pendency of an action in the state court is no bar to the proceedings concerning the same matter in the Federal court having jurisdiction."[49] Only under truly exceptional circumstances may federal courts abstain out of deference to the pending state court proceedings, and dismissing a federal suit "for reasons of wise judicial administration are considerably more limited than the circumstances appropriate for abstentions."[50] Courts are to abstain only in rare cases with "exceptional circumstances"[51] because it is "an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly placed before it."[52]

As a result, the standard for abstention is very high. However, before even considering whether to abstain, the Court must first satisfy itself that the state and federal proceedings are parallel,[53] as the federal court must exercise jurisdiction if the suits are not.[54] Proceedings are parallel when they involve the same parties and the same claims.[55] Neither side disputes that the state and federal proceedings are parallel.[56] Both the state and federal cases involve these Plaintiffs and this Defendant, even though additional plaintiffs and additional defendants are present in the

---

[49] *Id.* at 817.

[50] *Id.* at 818.

[51] *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Co.*, 460 U.S. 1, 25-26 (1983).

[52] *Cnty. of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188-89 (1959); *sSee also Stewart v. Western Heritage Ins. Co.*, 438 F.3d 488, 492-93 (5th Cir. 2006); *Mahbod v. New York Life Ins. Co.*, No. 05-3266, 2006 WL 2513423 (E.D. La. Aug. 25, 2006) (Fallon, J.).

[53] *Hartford Accident & Indem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 353, 360 (5th Cir. 1990).

[54] *RepublicBank Dallas, N.A. v. McIntosh*, 828 F.2d 1120, 1121 (5th Cir. 1987).

[55] *Am. Guarantee & Liab. Ins. Co. v. ANCO Insulations, Inc.*, 408 F.3d 248, 251 (5th Cir. 2005).

[56] According to Defendant, "the state court lawsuit and the three federal court lawsuits arise from the same nucleus of operative facts, involve all of the same witnesses, and present the same legal issues for determination." Rec. Doc. 5-1 at p. 6.

state case, and the same claims are asserted in both actions. Accordingly, this Court may consider whether it should exercise its discretion to stay or dismiss this case.

In determining whether to stay or dismiss a case because of a parallel state proceeding, a court considers six factors: (1) assumption of either court of jurisdiction of a res; (2) the relative inconvenience of the forums; (3) avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) whether and to what extent federal law provides the rules of decision on the merits; and (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.[57] Although the balance remains tilted toward the exercise of jurisdiction,[58] a court must carefully consider each factor in turn, as no one factor is determinative,[59] and the test should "be applied in a pragmatic, flexible manner with a view to the realities of the case at hand"[60] but "with the balance heavily weighted in favor of the exercise of jurisdiction."[61]

Regarding the first factor, both parties agree that neither court has jurisdiction over a res or property.[62] Although Defendant would argue otherwise, Fifth Circuit law clearly dictates that "the absence of this factor weighs against abstention."[63] Similarly, the second factor considers the

---

[57] *Black Sea Inv. Ltd. v. United Heritage Corp.*, 204 F.3d 647, 650 (5th Cir. 2000).

[58] *Moses H. Cone*, 460 U.S. at 16.

[59] *Union Planters Bank, N.A. v. Gavel*, No. 02-1224, 2002 WL 975675, at *3 (E.D. La. May 9, 2002).

[60] *Murphy v. Uncle Ben's Inc.*, 168 F.3d 734, 738 (5th Cir. 1999).

[61] *Moses H. Cone*, 460 U.S. at 16.

[62] *See* Rec. Doc. 5-1 at p. 11; Rec. Doc. 8 at p. 5.

[63] *Murphy*, 168 F.3d at 738; *see also Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1191 (5th Cir. 1988) ("[The absence of a res] is not, however, a merely neutral item, of no weight in the scales.").

relative inconvenience of the forums, and here both forums are roughly equal in convenience given that both the Eastern District of Louisiana and the Seventeenth Judicial District Court for the Parish of Lafourche are located in southeastern Louisiana. As the Fifth Circuit has previously found, two proximate and similar courthouses in southeastern Louisiana make neither forum more or less convenient than the other.[64] Therefore, this factor also weighs against abstention.[65]

Next, the Court considers the avoidance of piecemeal litigation, which can exist when there is more than one plaintiff, one defendant, and one issue.[66] Defendant attempts to argue that "allowing both the federal and the state suit[s] involving the same two-vehicle accident with the same parties to move forward concurrently would only result in an unnecessary duplication of efforts and piecemeal litigation." The Court agrees that action in both federal and state courts would be largely duplicitous. However, duplicative litigation is not the same as piecemeal litigation,[67] and "the prevention of duplicative litigation is not a factor to be considered in an abstention determination."[68] All of Defendant's arguments concern the duplicative nature of the two suits, and Defendant points to no factor that would show that allowing the federal suit to go forward would lead to *piecemeal* litigation.[69] Furthermore, the Fifth Circuit has determined that the avoidance of piecemeal litigation "does not weigh in favor of abstention" when a case "does not involve jurisdiction over a res or property," such that "there is no danger of inconsistent rulings affecting

---

[64] *Murphy*, 168 F.3d at 738.

[65] *Id.*; s*ee also Stewart*, 438 F.3d at 492.

[66] *Murphy*, 168 F.3d at 738.

[67] *Id*.

[68] *Id*.

[69] *See* Rec. Doc. 5-1 at pp. 11-12.

13

property ownership."[70] As the Court has already noted, there is no res here. For these reasons, this factor also does not weigh in favor of abstention.

The fourth factor considers the order in which jurisdiction was obtained, but "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions."[71] The parties acknowledge that the state court case was filed before the instant action, although the *initial* claim was filed in federal court, but the parties dispute the characterization of the progress made in state court. Nonetheless, the parties do not dispute that progress has been made in state court, including some discovery and the filing of the state court defendants' answer. Likewise, it is not disputed that the federal case has not proceeded past the complaint and the present motion. The Fifth Circuit has stated that "[w]e have suggested that this factor [that is, the order in which jurisdiction was obtained] only favors abstention when the federal case has not proceeded past the filing of the complaint."[72] Here, there has been virtually no federal action beyond the filing of the complaint, while progress has been made in state court; accordingly, this factor favors abstention.

In considering the presence or absence of a federal question, the parties are in agreement that no federal question exists here.[73] However, "[while the] presence of a federal law issue must always be a major consideration weighing against the surrender of jurisdiction, . . . the presence of state law

---

[70] *Evanston*, 844 F.2d at 1192; *see also Stewart*, 348 F.3d at 492; *Black Sea*, 204 F.3d at 651.

[71] *Murphy*, 168 F.3d at 738; *see also Moses H. Cone*, 460 U.S. at 21.

[72] *See Stewart*, 438 F.3d at 492-93 (citing *Murphy*, 168 F.3d at 738-39 ("The Supreme Court has emphasized that a factor favoring dismissal of a federal suit is 'the apparent absence of any proceedings in the District Court, other than the filing of the complaint.') (quoting *Colorado River*, 424 U.S. at 820)).

[73] *See* Rec. Doc. 5-1 at p. 13; Rec. Doc. 8 at p. 11.

issues weighs in favor of surrender only in rare circumstances.[74] Defendant attempts to argue that the absence of a federal question indeed favors abstention, but Defendant cites cases from the Southern District of New York. Cases from the Southern District of New York are not controlling here. However, cases from the United States Supreme Court and the United States Court of Appeals for the Fifth Circuit are both controlling and clear: "The absence of a federal-law issue does not counsel in favor of abstention, for as the Supreme Court stated in *Moses Cone*, 'our task . . . is not to find some substantial reason for the *exercise* of federal jurisdiction,'" instead "the presence of state law issues weighs in favor of surrender only in rare circumstances."[75] Here, where only state law claims are at issue, the Court has not been presented with the type of rare circumstances that might merit abstention, and thus this factor does not weigh in favor of abstention.

In considering the final factor, neither side disputes that the state remedy is adequate.[76] This Court notes that the Supreme Court has found that "[a] party who could find adequate protection in state court is not thereby deprived of its right to the federal forum . . . ,"[77] such that Plaintiffs will not be forced to proceed in state court merely because that remedy is adequate. Additionally, Plaintiffs argue that trial in state court would likely take more than three years, which Plaintiffs believe further supports their argument that this Court should exercise its jurisdiction.[78] Even if the state court would *more expeditiously* settle a matter, a federal court is not obligated to abstain.[79] Thus, this

---

[74] *Moses H. Cone*, 460 U.S. at 26; *Evanston*, 844 F.2d at 1193.

[75] *Evanston*, 844 F.2d at 1193 (quoting *Moses H.Cone*, 460 U.S. at 25).

[76] *See* Rec. Doc. 5-1 at p. 13; Rec. Doc. 8 at p. 11.

[77] *Evanston*, 844 F.2d at 1193.

[78] Rec. Doc. 8 at p. 11.

[79] *See generally Will v. Calvert Fire Ins. Co.*, 437 U.S. 655 (1978).

factor would not weigh in favor of abstention even if it could be shown that the state court would more expeditiously, rather than less expeditiously, handle the case. Here, where the state court remedy is adequate and the state court would likely handle the case more slowly, this factor does not support abstention and is "at most neutral."[80]

Thus, on the majority of factors, the facts and law weigh in favor of this Court exercising jurisdiction. Of the six *Colorado River* factors, only one factor, the order in which jurisdiction was obtained, favors abstention. Although no one factor is necessarily determinative,[81] the Court's starting point is "heavily weighted in favor of the exercise of jurisdiction,"[82] and the Court's analysis of the six *Colorado River* factors does not tip the scale in favor of abstention. Defendant has not demonstrated the rare and extraordinary circumstances required for this Court to abstain under *Colorado River*. Further, because this Court need not and should not abstain in the circumstances presented here, the Court will not specifically address Defendant's arguments regarding whether dismissal would be an appropriate remedy were the Court to abstain.

### III. Conclusion

In this case, the parties are completely diverse, diversity was not improperly manufactured, and the law of the case doctrine is inapplicable, such that this Court has diversity jurisdiction over this matter. To abstain from hearing this matter, properly before this Court, requires an exceptional showing under the *Colorado River* doctrine, and the Court finds that such a showing has not been

---

[80] *Black Sea Inv.*, 204 F.3d at 651.

[81] *Union Planters*, 2002 WL 975675, at *3.

[82] *Moses H. Cone*, 460 U.S. at 16.

made here.  Plaintiffs have met their burden to demonstrate that subject matter jurisdiction exists, and the Court finds that abstention under the *Colorado River* doctrine is not warranted.  Accordingly, Defendant has not presented any sustainable argument why this Court cannot or should not hear this action.  For the reasons set forth above,

**IT IS ORDERED** that Defendant's Motion to Dismiss for Lack of Jurisdiction[83] is **DENIED**.

**NEW ORLEANS, LOUISIANA** this __17th__ day of May, 2012.

_____
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[83] Rec. Doc. 5.